# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
## SOUTHERN DIVISION

### Case No. 7:16-cv-30

BONNIE PELTIER, as Guardian      :
of A.P., a minor child;      :
     :
ERIKA BOOTH, as Guardian      :
of I.B., a minor child; and      :
     :
PATRICIA BROWN, as Guardian      :
of K.B., a minor child;      :
     :
Plaintiffs,      :
     :
v.      :
     :
CHARTER DAY SCHOOL, INC.; ROBERT P.      :
SPENCER; CHAD ADAMS; SUZANNE WEST;      :
COLLEEN COMBS; TED BODENSCHATZ; and      :
MELISSA GOTT in their capacities as members of the :
Board of Trustees of Charter Day School, Inc.; and      :
THE ROGER BACON ACADEMY, INC.;      :
     :
Defendants.      :
     :

### CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER

WHEREAS, the discovery sought by the parties in the above-captioned case is likely to involve production of documents containing commercial, financial, business, and/or FERPA-protected information, as well as personal information regarding minors, and/or other information of a sensitive nature about the parties (or about another party which information the party is under a duty to maintain in confidence), hereafter referred to as "Confidential Information," and to involve witness testimony containing Confidential Information, both Plaintiffs and Defendants (collectively "the Parties") believe that they will or may be required to disclose to the other Confidential Information relating to the subject matter of this litigation;

WHEREAS, the Parties expect to institute discovery in connection with this litigation, including interrogatories, requests for production of documents, requests for admissions, and depositions of employees and/or former employees or other persons privy to Confidential Information, and recognize that such Confidential Information will be disclosed in the course of this discovery, and in other proceedings in this litigation; and

WHEREAS, the Parties contemplate that Confidential Information produced in this action also may be produced by non-parties, and the Parties seek to facilitate the production and protection of such information;

WHEREAS, Rule 5.2 of the Federal Rules of Civil Procedure requires that parties in cases in which a minor is a party redact the minor child's name from all documents filed with the court and use only the initials of the child in all court documents in order to protect the minor's privacy and identity; and

WHEREAS, the Parties desire to limit the extent of disclosure and use of such Confidential Information, and to protect such Confidential Information from unauthorized use and/or further disclosure, and wish to ensure that no advantage is gained by any party by the use of such Confidential Information which could not have been learned had discovery in this action not occurred, accordingly, the Parties having agreed to enter into this Confidentiality Stipulation and Protective Order ("the Order" or "Consent Protective Order") to govern the production of documents and testimony that contain Confidential Information;

NOW, THEREFORE, IT IS STIPULATED AND AGREED by and between the Parties, through their respective counsel, and subject to the approval of the Court, that a Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure be entered as follows.

For good cause shown, IT IS ORDERED THAT:

1.      **"Confidential" Designation.** A disclosing party may designate information or documents as "Confidential" if that disclosing party has a good faith belief that (a) the information or documents constitute a trade secret or other confidential proprietary, financial, personal, non-party personnel-related, or commercially sensitive information; (b) the information or documents were not in the public domain prior to disclosure in this Action (unless the presence of such information in the public domain resulted from a breach of a separate confidentiality or nondisclosure obligation); and (c) the information or documents are, if already in the possession of the receiving party, covered by another obligation of confidentiality or nondisclosure.

2.      **"Protected Information".** For purposes of this Consent Protective Order, "Protected Information" means all documents that have been designated as "Confidential."

3.      **Method for Designating Information and Documents.** A disclosing party may designate information or documents as Protected Information in the following manner:

   a.  For documents, by marking the documents with the words "Confidential."

   b.  For written discovery responses, by including a statement in the response to a specific request that "This response contains Confidential information under the Consent Protective Order."

   c.  For deposition testimony, by either (i) indicating on the record at the deposition that the testimony is "Confidential" or (b) by notifying the other parties, in writing within ten (10) calendar days of the receipt of the transcript, that certain pages and lines of the transcript are "Confidential." No deposition may be read by anyone other than the deponent, the attorneys for the Parties, and those qualified to see Confidential material during the ten (10) day period

3

following a deposition unless otherwise agreed upon by the attorneys. Upon being informed that certain portions of a deposition disclose Confidential Information, each party must cause each copy of the transcript in its custody or control to be marked immediately and treated appropriately.

4. **Retroactive Designation.** If through inadvertence, error, or oversight a disclosing party fails to properly designate information or documents as Protected Information at the time of the production or disclosure (or, in the case of a deposition, within the time provided under paragraph 3(c)), that failure shall not constitute a waiver of the disclosing party's right to designate the information or documents as Protected Information. Instead, as soon as the failure is discovered, the disclosing party shall promptly notify the receiving party that the information or documents have been reclassified as Protected Information. Thereafter, the receiving party shall return, destroy, or properly mark all unmarked copies of the Protected Information in its possession; and shall otherwise treat the Protected Information as if it had been properly designated originally.

5. **Use of "Confidential" Information or Documents.** Information or documents designated as "Confidential" shall be used solely for purposes of prosecuting or defending this Action and shall not be used for any other purpose. Information or documents designated as "Confidential" shall not be disclosed to any other person except:

    a. The Parties and their officers, directors, and members;

    b. The Court, including court reporters, stenographic reporters, videographers, and court personnel;

    c. Court reporters employed by the Parties for the purposes of transcribing depositions;

    d. Attorneys of record, other attorneys in the same firm, and employees and contractors of those firms;

e. Experts and their staff, provided that each person first signs a Nondisclosure Agreement in the form of **Exhibit A**;

f. Litigation support personnel and their staff retained by the Parties, provided that each person first signs a Nondisclosure Agreement in the form of **Exhibit A**;

g. Third parties engaged in the business of providing copy services (e.g., IKON), solely for the purpose of copying;

h. Mediators agreed to by the Parties or appointed by the Court to assist in resolving this Action and their staff; and

i. Any other person, provided all Parties agree in writing to such disclosure.

6. **Conduct during Depositions.** If a deponent is asked to provide information that the deponent or the deponent's counsel designates as "Confidential," then all individuals except those listed in paragraph 5 of this Consent Protective Order shall, upon request by the designating party, leave the deposition while the "Confidential" information is disclosed.

7. **Challenges to Designation.** At any time after receipt of information or documents that a disclosing party has designated as Protected Information, the receiving party may challenge that designation in accordance with the following procedure:

a. First, by serving a written objection and request that the producing party withdraws the designation. The written request must be served by served by email and also by facsimile, hand delivery, or U.S. Mail.

b. Second, within five (5) days after serving the written objection, by meeting and conferring with the disclosing party's counsel in an effort to resolve any continuing dispute regarding the designation.

c. Third, if the Parties are still unable to resolve their dispute, by complying with the discovery dispute procedures set forth in the Case Management Order entered June 1, 2016.

Upon such a motion, the disclosing party shall bear the burden of showing good cause why the information or documents are entitled to protection under this Consent Protective Order, in accordance with the standard for protection under Fed. R. Civ. P. 26(c).

d. Until a disclosing party withdraws a designation of Protected Information, or until the Court rules that information or documents are not entitled to protection as Protected Information, the Parties shall continue to treat the disputed information or documents as Protected Information and shall continue to comply with all provisions of this Consent Protective Order.

8. **Independently Obtained Documents or Information.** This Protective Order shall not restrict any party's right to use or disclose information or documents that are independently obtained through lawful means or that exist in the public record other than discovery in this lawsuit.

9. **Jurisdiction.** The Parties stipulate that this Court shall retain jurisdiction over them and any person to whom Protected Information is disclosed to the extent necessary to enforce the terms of this Protective Order.

10. **Information Regarding Minors to be Filed Under Seal.** Pursuant to Rule 5.2, the minor Plaintiffs shall be permitted to proceed using their initials and shall be referred to by their initials in all filings in this action. Any other minor individuals added as a plaintiff or any other minor with information relevant to any claim or defense shall also be identified consistently by their initials in any document filed with the Court. Counsel and the Court will be apprised of the actual identities of each person who is proceeding or shall proceed under their initials. Any information tending to reveal the identity of any minor, whether or not a party to

6

this proceeding, shall be designated by each of the Parties as Confidential Information. Such information shall be redacted in any Court filings, and where redaction is not considered possible, shall be filed under seal with the Court, together with a notice citing Rule 5.2(d) and this Protective Order as the bases for the filing and informing the Court of the reasons for filing the document under seal in lieu of redaction. Unless otherwise ordered by the Court, the parties need not comply with the procedures set forth below for filing protected information.

11. **Filing of Protected Information.** Before filing any Confidential Information with the Court, or any pleadings, motions or other papers that disclose any such information, counsel for the filing party shall confer with counsel for the designating party about how it should be filed. If the designating party desires that the materials be filed under seal, then the filing party shall file the materials, with notice served upon the producing party. If not the designating party, then the party that initially filed the materials need not file any such Motion to Seal or otherwise defend another party's desire that the materials remain sealed.

In the event that a filing party seeks to file materials that have been designated confidential by another party or individual, the filing party shall provisionally file the materials under seal. The filing party is then required to file a notice of filing, in lieu of filing a motion to seal. The filing of the materials under seal shall not be binding on the Court. Within seven (7) days of service of such notice, the party desiring that the materials be maintained under seal shall file with the Court a Motion to Seal and a supporting memorandum of law specifying the interests which would be served by restricting public access to the information. The motion to seal may be filed without a supporting memorandum only if the filing party can cite a statute or rule (federal, local or standing order) that requires the filing to be sealed. Absent such authority, the filing party must submit a supporting memorandum that specifies: (a) the exact document or

item, or portions thereof, for which filing under seal is requested; (b) how such request to seal overcomes the common law or the First Amendment presumption to access; (c) the specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interest in access; (d) the reasons why alternatives to sealing are inadequate; and (e) whether there is consent to the motion.

The Court will grant the Motion to Seal only after providing adequate notice to the public and opportunity for interested parties to object, after carefully weighing the interests advanced by the movant and those interests favoring public access to judicial documents and records, and upon finding that the interests advanced by the movant override any common law or constitutional right of public access which may attach to the information. Documents submitted under seal in accordance with this paragraph will remain under seal pending the Court's ruling. If the party desiring that the information be maintained under seal does not timely file a Motion to Seal, then the materials will be deemed unsealed, without the need for an order of the Court.

12. **Removal of Confidential Designation and Modification of Designation.** The designation of Confidential Information by the producing party shall not be determinative, and may be modified or eliminated at any time in one of two ways:

a. The producing party may agree in writing to downgrade or eliminate the "Confidential" designation concerning any material it produced.

b. If the Parties cannot agree as to the designation of any particular information or material after good faith discussion, the receiving party may invoke the discovery dispute procedures set forth in the Case Management Order entered June 1, 2016, to request that the Court downgrade or eliminate the "Confidential" designation. The burden of proving that the information was properly designated as protected shall be on the party who made the original designation.

13. **Trial Procedure.** This Consent Protective Order does not govern the use of Protected Information during trial. If necessary, the Court will enter a separate order addressing the use of Protected Information at trial.

14. **Reference to Protective Order at Trial.** At trial, neither party may reference this Protective Order (except by order of this Court), and no inference may be drawn from its entry or terms.

15. **Conclusion of Action.** Within a reasonable time after the conclusion of this Action, the receiving party shall either return or destroy all information and documents – including hard copies, electronic copies, and deposition transcripts – still designated as Protected Information.

16. **Non-Parties.** A non-party from whom discovery is sought, by subpoena or otherwise, may obtain the protections of this Consent Protective Order by designating information or documents as "Confidential." In addition, any party may designate documents or information produced from a non-party as "Confidential" by notifying the other parties, in writing within ten (10) calendar days of the receipt of the documents or information, of the designation.

17. **Sanctions for Noncompliance.** Failure to comply with this Order may be punishable, in the Court's discretion, by sanctions and contempt of Court.

18. **Disclosing Party's Use.** Nothing in this Order shall prevent or restrict a disclosing party from (a) withdrawing that party's designation of information or documents as Protected Information, or (b) disclosing to anyone information or documents that party has designated as Protected Information.

19.     **No Waiver.**  Nothing in this Consent Protective Order shall constitute a waiver or admission that any information or document (a) is relevant and subject to discovery, or (b) is or is not admissible in evidence at trial or at any hearing.

20.     **Privileged Information.**   Nothing in this Consent Protective Order shall be construed to require the disclosure of material protected by the attorney-client privilege, work product doctrine, or any other privilege (collectively, "privilege").  Pursuant to Federal Rule of Evidence 502(b), concerning the inadvertent production of privileged or protected materials, the Parties may "claw back" documents.  Disclosure will not operate as a waiver if (a) the disclosure is inadvertent; (b) the holder of the privilege or protection took reasonable steps to prevent disclosure; and (c) the holder promptly took reasonable steps to rectify the error including by following Federal Rule of Civil Procedure 26(b)(5)(B).   The production of attorney-client privileged materials, work product protected materials, or protected trial preparation materials shall not constitute a waiver of such privileges or protections.  In the event of the production of such privileged or protected information, the Parties will follow the procedure set out in Federal Rule of Civil Procedure 26(b)(5)(B).

21.     **Continuing Effect.**  This Order shall continue in full force and effect after the termination of this litigation, including all appeals.  The Court shall retain jurisdiction to enforce the terms of this Order.

22.     **Procedure until Entry.**  The Parties agree to fully comply with the Protective Order until such time that it is entered by the Court.  Any Protected Information produced before the Court enters the Protective Order shall receive full protection as if the Protected Information had been produced after Court's entry of this Protective Order.

With modification to paragraphs 6, 7(c), 10 and 12(b) to the parties' stipulation and agreement made herein, it is SO ORDERED, this 26th day of August 2016.

KIMBERLY A. SWANK
United States Magistrate Judge