IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

Case No. 7:16-cv-30

| | |
|---|---|
| BONNIE PELTIER, as Guardian of A.P., a minor child; <br><br> ERIKA BOOTH, as Guardian of I.B., a minor child; and <br><br> PATRICIA BROWN, as Guardian of K.B., a minor child; <br><br>                         Plaintiffs, <br><br> v. <br><br> CHARTER DAY SCHOOL, INC.; ROBERT P. SPENCER; CHAD ADAMS; SUZANNE WEST; COLLEEN COMBS; TED BODENSCHATZ; and MELISSA GOTT in their capacities as members of the Board of Trustees of Charter Day School, Inc.; and THE ROGER BACON ACADEMY, INC.; <br><br>                         Defendants. | **OPPOSITION TO THE MOTION FOR EXTENSION OF TIME TO PREPARE AND SERVE EXPERT REPORTS** |

Bonnie Peltier, as Guardian of A.P., Erika Booth, as Guardian of I.B., and Patricia Brown, as Guardian of K.B. ("Plaintiffs") oppose the Motion for Extension of Time [DE 60] to file and serve expert reports brought by Charter Day School, Inc., Robert P. Spencer, Chad Adams, Suzanne West, Colleen Combs, Ted Bodenschatz, Melissa Gott and The Roger Bacon Academy, Inc. ("Defendants"). Plaintiffs oppose the Motion to Compel Rule 35 Mental Exams and will separately respond to that motion on the merits in a timely fashion. Given that the Defendants' expert reports are due December 12, 2016, Plaintiffs thought it prudent to file an opposition to the modification of the Case Management Order prior to that date.

1

Defendants request an incredible fifty-three (53) day extension of the expert report deadline as to all experts. This extraordinary request, which will radically modify the Case Management Order and cause a delay of close to three months, is baseless and should be denied.

First, Defendants provide no explanation whatsoever as to why their statistician experts, whom they retained on November 18, 2016, cannot produce reports on December 12, 2016. Defendants have failed to meet their burden of showing "that the deadlines could not reasonably have been met despite the party's diligence." *Velasquez v. Salsas & Beer Rest., Inc.*, No. 5:15-CV-146-D, 2016 U.S. Dist. LEXIS 76536, at *4–*5 (E.D.N.C. June 13, 2016) (quoting *Montgomery v. Anne Arundel Cty.*, 182 F. App'x 156, 162 (4th Cir. 2006) (per curiam) (unpublished)). At a minimum, therefore, the request for an extension for the statistician experts should be denied.

The request for an extension of the Case Management Order with respect to the putative psychological experts is also groundless and should be denied. Defendants concede that they have had the expert report of Dr. Brown since November 11, 2016. Plaintiffs oppose the Rule 35 Mental Exams in general, and will explain that fully in subsequent pleading. Suffice to say, for purposes of the extension sought here, that the exams are completely unnecessary, burdensome, and harassing. Contrary to the Defendants' briefing, Plaintiffs have not made any claims that they suffered emotional distress, nor did Dr. Brown purport to be offering a clinical evaluation of the Plaintiffs. The single line in Dr. Brown's expert report on which they hinge their request for Rule 35 Mental Exams, which they have distorted, says that "forced gender distinction increases children's beliefs in gender stereotypes, and those stereotypes lead to negative academic, social, and psychological consequences for children." This line clearly refers to children's beliefs regarding gender stereotypes generally, and it does not refer to the three Plaintiffs in specific, but

2

to "children" in general. This is in her conclusion section following a thorough analysis of many studies in the literature that demonstrate just that. It is undisputed that Dr. Brown performed a literature review, not a clinical evaluation of the Plaintiffs. Her expert report in no way puts the Plaintiffs' mental state at issue; the reports for which Defendants seek additional time are thus entirely unnecessary and, as will be further argued in a subsequent pleading, are not supported under the stringent standard for conducting such a burdensome and intrusive form of discovery. The Court should therefore deny the requested extension on this basis alone.

Even should such examinations be deemed warranted, Defendants' request to enlarge the Case Management Order by 53 days would be patently unreasonable. Defendants offer no reason that it took them until November 30, 2016 to locate psychologists who would perform mental examinations on children, or that those psychologists could only be found in Missouri.

Defendants first informed Plaintiffs that they were seeking the consent of the Guardians ad Litem for the Rule 35 examinations on December 1, 2016. *See* Ex. A. On that date, Defendants told Plaintiffs that they would be filing the psychologist expert reports on December 12, 2016 anyway. *See id.* However, on December 5, 2016 the Defendants indicated that they would be filing a motion for extension of time instead. *See id.* Now Defendants inform the Court that the experts had "work obligations" that prevented them from travelling from Missouri to North Carolina before December 12, 2016 regardless of whether or not the Guardians consented, and that the entire month of December was inviable.

Defendants have offered no explanation as to why psychologists with the requisite expertise could not be found locally. Nor is there any indication that these experts have any expertise in the long-term impacts of sexually discriminatory practices on children in the education setting. Rather, publicly available information on their backgrounds suggests a heavy

3

emphasis in forensic child sex abuse work.  *See* Ex. B (website excerpt from http://duncanhively.com/).  If the Defendants are seeking simple basic mental assessments of the children, surely there would be local evaluators available.  (Indeed, the Defendants include as an exhibit an evaluation from four years ago of one of the Plaintiffs performed by a practitioner located in Wilmington.)

Eighteen and one-half (18.5) days of the extension requested are allegedly attributable to the school the Defendants run being closed for the holidays.  This is despite their psychology experts stating that they need just one (1) day to observe the school setting at Charter Day School.

In sum, Defendants have manufactured a scenario in which they requested examinations that should not and do not need to happen, secured experts who are too busy and cannot perform those until January 2017, claimed these experts need to visit a school that will be closed for the holidays, and by these machinations attempted to force this Court by motion five days before the deadline to extend the expert report deadline 53 days and necessarily push all other subsequent deadlines significantly.  This is clever but it is not fair.

**WHEREFORE,** Plaintiffs respectfully request that this Court deny Defendants' Motion for Modification of the Case Management Order as to all experts.  In the alternative, Plaintiffs respectfully request that the Defendants' motion for an enlargement of time to submit expert reports for the statistical experts be denied, and that the request as to the psychological experts be stayed until the resolution of the opposed Rule 35 Motion to Compel, at which time Plaintiffs will confer with Defendants as to a reasonable time period following that ruling for production of the reports and attempt to agree to a time period short of 53 days that would be equitable to all parties, such as within 10 days after the ruling on the motion for Rule 35 examinations.

4

Case 7:16-cv-00030-M-KS   Document 65   Filed 12/09/16   Page 4 of 6

RESPECTFULLY SUBMITTED, this the 9th day of December, 2016.

      ELLIS & WINTERS LLP
      /s/ Lenor Marquis Segal
      Lenor Marquis Segal
      NC State Bar No. 43445
      Post Office Box 33550
      Raleigh, NC 27636
      Telephone: (919) 865-7000
      Facsimile: (919) 865-7010
      lenor.marquissegal@elliswinters.com
      Local Civil Rule 83.1 Counsel

      AMERICAN CIVIL LIBERTIES UNION OF NORTH
      CAROLINA LEGAL FOUNDATION
      /s/ Christopher A. Brook (with permission)
      Christopher A. Brook
      NC Bar No. 33838
      Legal Director, American Civil Liberties Union of North Carolina Legal Foundation
      Post Office Box 28004
      Raleigh, North Carolina 27611
      Telephone: (919) 834-3466
      Facsimile: (866) 511-1344
      cbrook@acluofnc.org

      AMERICAN CIVIL LIBERTIES UNION FOUNDATION
      /s/ Lenora M. Lapidus (with permission)
      Lenora M. Lapidus
      (LR 83.1(a) *special appearance*)
      Galen Sherwin
      (LR 83.1(a) *special appearance*)
      Amy Lynn Katz
      (LR 83.1(a) *special appearance*)
      Women's Rights Project
      125 Broad Street, 18th Floor
      New York, NY 10004
      Telephone: (212) 549-2615
      llapidus@aclu.org
      gsherwin@aclu.org
      wrp_ak@aclu.org
      *Attorneys for Plaintiffs*

CERTIFICATE OF SERVICE

I hereby certify that on December 9, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ Lenor Marquis Segal
*Attorneys for Plaintiffs*
