IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:16-CV-30-H(2)

| | |
|---|---|
| BONNIE PELTIER, as Guardian of A.P., a minor child; ERIKA BOOTH, as Guardian of I.B., a minor child; and PATRICIA BROWN, as Guardian of K.B., a minor child, | )<br>)<br>)<br>) |
| Plaintiffs, | ) |
| v. | ) |
| CHARTER DAY SCHOOL, INC.; ROBERT P. SPENCER; CHAD ADAMS; SUZANNE WEST; COLLEEN COMBS; TED BODENSCHATZ; and MELISSA GOTT in their capacities as members of the Board of Trustees of Charter Day School, Inc.; and THE ROGER BACON ACADEMY, INC., | )   **ORDER**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

This is an action brought on behalf of three minor schoolchildren who claim the uniform policy adopted by their school, Charter Day School, Inc. ("CDS"),[1] violates federal and state law. Specifically, Plaintiffs assert the following causes of action: (1) sex-based discrimination in violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, brought via 42 U.S.C. § 1983; (2) sex-based discrimination in violation of Title IX of the Education Amendment of 1972, 20 U.S.C. § 1681 *et seq.* and implementing regulations; (3) sex-based discrimination in violation of the Equal Protection Clause in Article I, Section 19 of the North Carolina Constitution; (4) breach of the Charter Agreement between the State Board of

---

[1] According to Plaintiffs, CDS is a K-8 public charter school (Am. Compl. [DE #13] ¶ 1) and has adopted a uniform policy that requires female students to wear "skirts, skorts, or jumpers" and prohibits them from wearing pants or shorts (*Id.* ¶¶ 33-34, 39, Ex. A).

Education and CDS; and (5) breach of the management agreement between CDS and The Roger Bacon Academy, Inc.

Presently before the court are Defendants' motions to compel mental examinations of the minor children pursuant to Rule 35 of the Federal Rules of Civil Procedure and to modify the Case Management Order previously entered in this case to accommodate for such examinations [DE #60]. Defendants contend that Plaintiffs have placed the minor children's mental conditions in controversy as a result of their expert's report, which opines that uniform policies such as the one at issue in this case have "negative academic, social, and psychological consequences for children." (*See* Dr. Brown Expert Report, Ex. 1 to Mot. Compel [DE #60-1] at 4, 6-8.) Plaintiffs oppose Defendants' motion, arguing they have not placed the minor children's psychological condition in controversy as they have not alleged emotional distress or severe or particularized psychological harm as a result of Defendants' conduct but seek only declaratory and injunctive relief, as well as nominal damages.

## DISCUSSION

Rule 35 of the Federal Rules of Civil Procedure authorizes a court to order the mental examination of a party where the party's mental condition is in controversy and good cause has been shown for the examination. Fed. R. Civ. P. 35(a). A party's mental condition is generally considered to be in controversy where "'(1) the plaintiff has asserted a specific cause of action for intentional or negligent infliction of emotional distress; (2) the plaintiff has claimed unusually severe emotional distress; (3) the plaintiff has alleged a specific type of disorder or other psychiatric injury; (4) the plaintiff has offered her own expert testimony to supplement her claim of emotional distress; or (5) the plaintiff concedes that her medical condition is 'in controversy' pursuant to Rule 35.'" *Walton v. N.C. Dep't of Agric. & Consumer Servs.*, No. 5:09-CV-302-FL,

2

Case 7:16-cv-00030-M-KS   Document 68   Filed 01/06/17   Page 2 of 4

2011 WL 883579, at *3 (E.D.N.C. Mar. 11, 2011) (quoting *Smith v. Bd. of Governors of the Univ. of N.C.*, No. 7:08-CV-30-D, 2008 WL 4877131, at *1 (E.D.N.C. Nov. 10, 2008)). Good cause for a physical or mental condition means more than relevancy. *Id.* A Rule 35 examination is authorized only upon

> an affirmative showing by the movant that each condition as to which the examination is sought is really and genuinely in controversy and that good cause exists for ordering each particular examination. Obviously, what may be good cause for one type of examination may not be so for another. The ability of the movant to obtain the desired information by other means is also relevant.

*Schlagenhauf v. Holder,* 379 U.S. 104, 118 (1964).

Defendants have met neither the "in controversy" nor the "good cause" requirements for a Rule 35 examination. Contrary to Defendants' contention, Plaintiffs have not placed their mental conditions in controversy by evidencing any intent to use psychological evidence of their mental state. At no point does Dr. Brown suggest she has examined any of the minor children involved in this action or their medical records, nor does she opine that any of the minor children involved have suffered particularized psychological consequences as a result of the uniform policy. Her report contains no clinical diagnoses. It is, instead, a report of her opinions concerning the educational, psychological and physical effects generally experienced as a result of gender-differentiated uniform policies, the bases of her opinions being empirical research. She summarizes her opinions in the report as follows:

> 1. Requiring gender-differentiated uniforms artificially increases the distinction between boys and girls. Practices that enhance gender distinctions, in turn, increase gender stereotypes.
>
> 2. These increases in gender stereotypes lead to negative academic, social, and psychological consequences for children.
>
> 3. Requiring girls to wear skirts reinforces antiquated gender roles in which girls are viewed as passive and focused on their appearance instead of

3

agency. This pressure to conform is particularly damaging for girls who are gender atypical.

4. Requiring girls to wear skirts limits their movement and fosters the gender stereotype that girls are not athletic. This physical restriction for girls impedes their physical development.

(Dr. Brown Expert Report at 3-4.) Plaintiffs have pled no cause of action placing their mental state at issue, and good cause has not been shown for any mental examinations of the minor children. Accordingly, Defendants' motion to compel Rule 35 mental examinations is denied.

## CONCLUSION

For the foregoing reasons, Defendants' motion to compel Rule 35 examinations is DENIED. Defendants shall have seven (7) days from the date of this Order to serve their expert reports. Defendants' request for extension of the expert discovery and dispositive motions deadlines is DENIED.

The parties are reminded that the Case Management Order previously entered in this case requires the parties to request a discovery conference with the court prior to the filing of any discovery motions.

This 5th day of January 2017.

*Kimberly A. Swank*
KIMBERLY A. SWANK
United States Magistrate Judge