IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

Case No. 7:16-cv-30

BONNIE PELTIER, as Guardian
of A.P., a minor child, et al.;

    Plaintiffs,

v.

CHARTER DAY SCHOOL, INC., et al.;

    Defendants.

**PLAINTIFFS' REPLY IN FURTHER SUPPORT OF ENTRY OF PARTIAL FINAL JUDGMENT UNDER RULE 54(b), DECLARATORY JUDGMENT, AND PERMANENT INJUNCTION**

## INTRODUCTION

In the interest of finality, the Court should enter partial final judgment under Federal Rule of Civil Procedure 54(b) on both Plaintiffs' Equal Protection and Title IX claims. The Court has already reached the ultimate disposition of both claims. DE 216 at 17, 33. There is no just reason to delay entry of partial final judgment where, as here, it will conserve judicial resources and allow the Court to enter injunctive and declaratory relief to vindicate Plaintiffs' constitutional rights.

## ARGUMENT

### I. The Court Should Enter Partial Final Judgment on Plaintiffs' Title IX and Equal Protection Clause Claims.

Entry of partial final judgment under Rule 54(b) on both the Title IX and Equal Protection Clause claims would bring finality to all claims on which the Court reached the ultimate disposition in its March 28 Order. DE 216 at 17, 33. There is no just reason to delay entry of a partial final judgment when it would serve the "judicial administrative interests as well

1

as the equities involved." *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980). As Plaintiffs discussed in detail in their Memorandum in Support of Entry of Partial Final Judgment Under Rule 54(b), Declaratory Judgment, and Permanent Injunction, the federal claims that this Court already reached are wholly independent of the pending state law claims. DE 230 at 7-8. There is no justification for delaying final resolution of the former until the Court reaches the latter. *See Braswell Shipyards, Inc. v. Beazer E., Inc.*, 2 F.3d 1331, 1335 (4th Cir.1993).

Partial final judgment would allow both parties to seek appellate review as of right under 28 U.S.C. § 1291 of the rulings adverse to their respective interests. Defendants instead urge the Court to certify its Equal Protection Clause ruling for interlocutory appeal pursuant to 28 U.S.C. § 1292(b), a procedurally-disfavored mechanism that should be "used sparingly." *Myles v. Lafitte*, 881 F.2d 125, 127 (4th Cir. 1989). Entry of partial final judgment is the more appropriate course as it does not necessitate the analysis required under 28 U.S.C. § 1292(b) as to whether the Court's March 28 Order, DE 216, "involves a controlling question of law as to which there is substantial ground for difference of opinion." Further, it would allow this Court to "provide relief to [Plaintiffs who] would suffer undue hardship if final judgment is not entered on the adjudicated claim prior to the resolution of the unadjudicated claims." *Braswell Shipyards*, 2 F.3d at 1335 (4th Cir. 1993). Partial final judgment, unlike an interlocutory appeal, would allow this Court to issue and enforce an injunction and declaratory judgment to which Plaintiffs are entitled.

In addition, contrary to Defendants' assertions, Plaintiffs did not "ignore" any authority Defendants raised in their motion for interlocutory appeal to support the existence of "substantial ground for difference of opinion" on this Court's Equal Protection ruling. Rather, Plaintiffs' principal argument is that entry of partial final judgment is preferable to interlocutory appeal for

the reasons discussed above, and does not require the Court to conduct such an inquiry at all. As discussed in Plaintiffs' brief, *Manhattan Cmty. Access Corp. v. Halleck*, 139 S. Ct. 1921 (2019), on which Defendants rely to support the notion that there is substantial ground for difference of opinion on the question of whether CDS is a state actor, is inapposite: that case concerned a corporation's provision of public access cable television channels, rather than the provision of free public education to students—a function that courts have uniformly recognized as belonging traditionally and exclusively to the state, and in this case, one that as a charter school, CDS is obligated to provide pursuant to a delegation of state authority under the North Carolina Constitution. *See* DE 181 at 3; DE 177 at 7.

Finally, in arguing in the alternative that interlocutory appeal, if authorized, should be granted on *both* equal protection and Title IX, Plaintiffs simply chose to rest on their previous briefing. Those papers extensively discussed authority contrary to Defendants' position. The Court should therefore grant Plaintiffs' motion for entry of partial final judgment on both federal claims.

## II. The Court Should Enter an Injunction and Declaratory Judgment to Safeguard Plaintiffs' Constitutional Rights.

As discussed at length in Plaintiffs' Opening Memorandum, DE 230, the Court should enter an injunction and declaratory judgment to guard against further infringement of Plaintiffs' constitutional rights. The balance of hardships weighs heavily in favor of granting Plaintiffs' request for injunctive and declaratory relief. *See eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006). Given that Defendants have already represented that they will comply with the Court's March 28 Order, *see* DE 233 at 5; DE 233-1 at ¶ 6, Defendants will suffer no additional burden if an injunction and declaratory judgment is entered to enforce that Order.

Defendants' supposed commitment to following the Court's Order absent an injunction is dubious at best—particularly in light of Defendants' initial insistence that there would be "no changes" to the Uniform Policy in the days following the March 28 Order. *See* DE 231-1. Moreover, despite Defendants' belated assurances, the official CDS Uniform Policy has not been altered by the CDS Board in response to that Order. As reflected on the CDS website, the Uniform Policy still requires girls to wear skirts, skorts, or jumpers. *See* Booth Decl. at ¶ 5 & Ex. A. Despite the commencement of a new school year and the admission of many new students, no communication has been made to the parent body regarding the permissibility of pants or shorts for girls since the single message sent in April. *See id.* at ¶¶ 3-4. In addition, the current chair of the CDS Board may not remain in place, so his assurance on behalf of the current board does not bind successor boards from reinstituting the Skirts Requirement.

Further, by raising questions about the "propriety and scope" of an injunction, Defendants have only underscored its necessity. DE 233 at 3. Defendants claim that "the parties have differing views on precisely what conduct should be enjoined pursuant to the Court's ruling, and whether one plaintiff should be able to achieve coercive relief that affects the entire student body." *Id*. at 4. Plaintiffs find the Court's March 28 Order perfectly clear on the scope of Defendants' constitutional violation. *See* DE 216 at 33 ("the skirts requirement of the uniform policy . . . violates the Equal Protection Clause"). If Defendants are unsure "precisely what conduct" that Order prescribed, an injunction could lend additional clarity. *See* DE 233 at 4.

Moreover, Defendants' suggestion that one (or three) plaintiffs should not be able to secure injunctive relief against an unconstitutional school policy is belied by decades of case law. *See, e.g.*, *Griffin v. Cty. Sch. Bd. of Prince Edward Cty.*, 377 U.S. 218 (1964) (enjoining school district from enforcing policy of racial segregation). There is no requirement that each

individual student subject to an unconstitutional policy bring a separate lawsuit to vindicate her rights. Plaintiffs also note that nothing about the injunction they seek would have a "coerc[ive]" effect on the "entire student body." DE 233 at 4. The injunction would prohibit *Defendants* from forcing female students to wear skirts; it would not force any female students to wear pants. It is Defendants' unconstitutional policy—not Plaintiffs' request for equitable relief—that has a "coerc[ive]" effect on the "entire student body."

By contrast, I.B., the Plaintiff who remains a student at CDS, along with all other students who object to the Skirts Requirement, will suffer irreparable injury if they are subject to further deprivation of their constitutional rights "for even minimal periods of time." *Elrod v. Burns*, 427 U.S. 347, 373 (1976); *see also Newsom ex rel. Newsom ex rel. v. Albemarle Cty. Sch. Bd.*, 354 F.3d 249, 261 (4th Cir. 2003); DE 230 at 10. This Court has already found that the Skirts Requirement forces "girls to suffer a burden the boys do not, simply because they are female," in violation of the Equal Protection Clause. DE 216 at 33. Rather than take Defendants at their word that they will not subject Plaintiffs to further constitutional injury, this Court should enter a declaratory judgment and injunction to enforce its March 28 Order.

### III. The Court Should Reach Plaintiffs' Remaining State Law Claims Without Further Delay.

The Court can and should address Plaintiffs' remaining state law claims without further delay. Both parties moved for summary judgment on all claims based on their view that each of those claims could be decided in their favor as a matter of law. This Court declined to reach the state claims not due to the existence of any material factual disputes, but merely from a desire that the parties submit supplemental briefing. Plaintiffs remain fully prepared to present that briefing in short order, and see no need for further delay.

5
Case 7:16-cv-00030-M-KS   Document 234   Filed 08/07/19   Page 5 of 8

Defendants' opposition to the Court's permitting the litigation to proceed on those claims hinges on what they characterize as "substantial overlap" between the state and federal claims. However, Defendants "do not and cannot contest" that there are "independent state-law bases on which [Plaintiffs] can prevail," DE 233 at 5—specifically, the state constitutional claim—while at the same time overstating the degree of dependence of the remaining claims on federal law.[1] While Plaintiffs understand that it is firmly within this Court's discretion whether to proceed with adjudicating the state law claims, they respectfully request that the Court not permit the necessity of further briefing, which can be quickly submitted, to result in the litigation grinding to a halt pending the Fourth Circuit's consideration of any aspects of this Court's ruling that may be raised on appeal.

---

[1] At the same time, Defendants mischaracterize Plaintiffs' position by quoting passages from their brief entirely out of context. The full context of the quotations cited on page 5 of their brief is, respectively, DE 230 at 7 ("[A]lthough the remaining state law claims are related in several respects to the federal claims, resolution of the state law claims is in no way necessary prior to entry of final judgment on the federal claims. A final judgment that Defendants cannot justify the Skirts Requirement under the heightened scrutiny applicable under the federal Equal Protection Clause necessarily means Defendants could not meet the more exacting standard applicable under the North Carolina Constitution. However, because the North Carolina Constitution subjects violations of Equal Protection that impinge on the exercise of the fundamental right to education to strict scrutiny analysis, the Court could find a violation of the state Equal Protection clause independent of a final ruling under the federal Equal Protection clause. The relationship between the two claims runs in only one direction. Consequently, there is no justification to delay entry of judgment on the federal constitutional claim already decided as it is entirely independent of the remaining state constitutional claim.") (internal citations omitted); *id.* at 8 ("Similarly, while the breach of contract claims are in some ways dependent on the resolution of the federal claims, the reverse is not true. If this Court finds that Plaintiffs are third-party beneficiaries of the contracts between CDS, the North Carolina Board of Education, and Roger Bacon Academy, a finding that the Skirts Requirement violates either the Equal Protection Clause or Title IX necessitates a finding that Defendants have breached those contracts. However, a finding of breach of contract based on the North Carolina constitutional violation would have no effect on the resolution of the federal claims. Moreover, resolution of the state law claims also necessitates that the Court make findings that are entirely independent of the federal claims . . . . By contrast, the resolution of the state law claims has no bearing on the federal claims already decided. The Court therefore need not delay issuance of a final ruling on either the Equal Protection or Title IX claims in order to reach the remaining claims.").

## **CONCLUSION**

For the foregoing reasons, the Court should grant partial final judgment pursuant to Rule 54(b) on both Plaintiffs' Equal Protection Clause and Title IX claims and enter a declaratory judgment and permanent injunction barring Defendants from enforcing the Skirts Requirement in violation of the Equal Protection Clause. In the alternative, as proposed in Plaintiffs' Opposition and Cross Motion, DE 232, should the Court deem interlocutory appeal warranted at this time, the Court should certify both the Equal Protection Clause and Title IX claims for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). The Court should further set an expedited schedule for supplemental briefing on the remaining claims.

Dated: August 7, 2019          Respectfully submitted,

ELLIS & WINTERS LLP

/s/ Jonathan D. Sasser
Jonathan D. Sasser
NC State Bar No. 10028
Post Office Box 33550
Raleigh, NC 27636
Telephone: (919) 865-7000
Facsimile: (919) 865-7010
jon.sasser@elliswinters.com
Local Civil Rule 83.1 Counsel

AMERICAN CIVIL LIBERTIES UNION FOUNDATION

/s/ Galen Sherwin (with permission)
Galen Sherwin (LR 83.1(a) special appearance)
Amy Lynn Katz (LR 83.1(a) special appearance)
Emma Roth (LR 83.1(a) notice of special appearance forthcoming)
Women's Rights Project
125 Broad Street, 18th Floor
New York, NY 10004
Telephone: (212) 549-2615
gsherwin@aclu.org
wrp_ak@aclu.org
eroth@aclu.org

AMERICAN CIVIL LIBERTIES UNION OF NORTH
CAROLINA LEGAL FOUNDATION

/s/ Irena Como
Irena Como
North Carolina Bar No. 51812
Sneha Shah (LR 83.1(a) special appearance)
Post Office Box 28004
Raleigh, NC 27611
Telephone: (919) 834-3466
Facsimile: (866) 511-1344
icomo@acluofnc.org
sshah@acluofnc.org

*Counsel for Plaintiffs*