IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO.: 7:16-CV-30-H

BONNIE PELTIER, as Guardian
of A.P., a minor child;
ERIKA BOOTH, as Guardian
of I.B., a minor child; and
KEELY BURKS;

    Plaintiffs,

v.

CHARTER DAY SCHOOL, INC.,
ROBERT P. SPENCER, CHAD
ADAMS, SUZANNE WEST, COLLEEN
COMBS, TED BODENSCHATZ, and
MELISSA GOTT in their
capacities as members of the
Board of Trustees of Charter
Day School, Inc., and THE
ROGER BACON ACADEMY, INC.,

    Defendants.

**ORDER**

This matter is before the court on defendants' motion to certify Order for Appeal under 28 U.S.C. § 1292(b) or in the alternative entry of partial final judgment under Rule 54(b) as well as plaintiffs' motion for entry of judgment under Rule 54(b) and motion for declaratory judgment and permanent injunction. Appropriate responses and replies have been filed, and these matters are ripe for adjudication. Additionally, defendants moved

for leave to file a surreply [DE #236]. The motion is granted, and the court has considered the surreply herein. The clerk is directed to file the surreply, attached as Exhibit A to DE #236 as a separate filing.

Plaintiffs are current or former students of Charter Day School, a co-educational, K-8 public charter school in Brunswick County, North Carolina. They brought this action challenging the school's uniform policy, which requires female students to wear "skirts, skorts, or jumpers" ("the skirts requirement") and male students to wear shorts or pants. Plaintiffs do not contest defendants' authority to impose a school uniform policy in general, but only the skirts requirement.

Plaintiffs' amended complaint claims the uniform policy violates federal and state law. Specifically, plaintiffs asserted the following causes of action: (1) sex-based discrimination in violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, brought via 42 U.S.C. § 1983; (2) sex-based discrimination in violation of Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 et seq. and implementing regulations; (3) sex-based discrimination in violation of the Equal Protection Clause in Article I, Section 19 of the North Carolina Constitution; (4) breach of the Charter Agreement between the State Board of Education and Charter Day School, Inc.;

2

and (5) breach of the management agreement between Charter Day School, Inc., and The Roger Bacon Academy, Inc. ("RBA").

This court granted plaintiff's motion for summary judgment on their Equal Protection Clause claim and granted defendants' motion for summary judgment on plaintiffs' Title IX claim. The court denied without prejudice the parties' cross-motions for summary judgment on the state constitutional and breach of contract claims, holding that they could be refiled, if appropriate, with additional briefing in support.

Defendants now move this court to certify an interlocutory appeal solely as to the Equal Protection claim. In the alternative, defendants ask the court to enter partial final judgment on that claim only under Rule 54(b) of the Federal Rules of Civil Procedure. Plaintiffs respond, in their own motion, agreeing that partial final judgment could be entered under Rule 54(b) but asking that the court also enter final judgment as to the Title IX claim in addition to the Equal Protection claim.

Defendants also ask this court to stay the remaining state-law claims pending the outcome of any appeal. Plaintiffs contend a stay is unnecessary. Finally, plaintiffs ask the court to enter both a permanent injunction and a declaratory judgment as to the Equal Protection claim. Defendants dispute the necessity of an

3

injunction or declaratory judgment, noting they are voluntarily complying with the court's order.

Title 28 U.S.C. § 1292(b) provides:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: Provided, however, that application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

28 U.S.C. § 1292 (West)

Rule 54(b) of the Federal Rules of Civil Procedure authorizes the court to "direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b).

> Otherwise, any order or other decision . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Id.

4

To determine whether entry of partial final judgment under Rule 54(b) is appropriate, the court must determine whether judgment is final and then whether there is no just reason for delay. To be final, the decision "must be a 'judgment' in the sense that it is a decision upon a cognizable claim for relief, and it must be 'final' in the sense that it is an 'ultimate disposition of an individual claim entered in the course of a multiple claims action.'" Curtiss-Wright Corp. v. Gen. Elec. Co., 446 U.S. 1, 7 (1980)(quoting Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 436 (1956)).

Whether there is no just reason to delay is a fact-specific inquiry and may require the court to consider the following factors, if applicable:

> (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in a set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.
>
> Allis-Chalmers Corp. v. Philadelphia Electric Co., 521 F.2d at 364 (footnotes omitted); see also Curtiss-Wright, 446 U.S. at 8, 100 S.Ct. at 1465 ("whether the claims under review were separable from the others remaining to be adjudicated and whether the nature of the claims already determined was such that no appellate court would have to decide the same issues more than

5

once even if there were subsequent appeals") (footnote omitted).

Braswell Shipyards, Inc. v. Beazer E., Inc., 2 F.3d 1331, 1335-36 (4th Cir. 1993).

"Where the district court is persuaded that Rule 54(b) certification is appropriate, the district court should state those findings on the record or in its order." Braswell Shipyards, Inc., 2 F.3d at 1336 (4th Cir. 1993).

In this matter, this court's March 28 order on the parties' cross motions for summary judgment reached final decisions on both the Equal Protection Clause and Title IX claims. Furthermore, resolution of the state law claims necessitates the court make findings independent of the federal claims including (1) whether plaintiffs are third-party beneficiaries of the contracts in question; (2) whether a cause of action lies for violations of the state constitution under these circumstances; (3) what standard applies to violations of the right to Equal Protection of the law in the context of the North Carolina Constitution; and (4) whether the Skirts requirement violates that constitutional standard.

The court has considered all the factors applicable here and finds no just reason to delay entering judgment on the Equal Protection Claim and the Title IX claim. Therefore, the court finds entry of partial final judgment is appropriate here and certification of interlocutory appeal is not appropriate. Sass v.

6

D.C., 316 F.2d 366, 368 (D.C. Cir. 1963)(noting better practice is to use Rule 54(b) instead of 28 U.S.C. § 1292 certification).

Therefore, the clerk is directed to enter partial final judgment in accordance with the summary judgment order entered on March 28, 2019, which granted plaintiffs' motion for summary judgment on their Equal Protection Clause claim and granted defendants' motion for summary judgment on plaintiffs' Title IX claim. Furthermore, the court hereby declares that the specific requirement of the uniform policy of the School promulgated by CDS, Inc., as written and enforced, requiring girls to wear skirts, jumpers, or skorts and prohibiting them from wearing pants or shorts, violates plaintiffs' rights under the Fourteenth Amendment of the United States Constitution. The court therefore permanently enjoins defendants from establishing or enforcing a provision in the Uniform Policy of Charter Day School requiring that girls wear skirts and prohibiting them from wearing pants or shorts.

## CONCLUSION

For the foregoing reasons, the court GRANTS plaintiffs' motion for entry of judgment under Rule 54(b) and GRANTS IN PART AND DENIES IN PART defendants' motion for an interlocutory appeal under 28 U.S.C. § 1292(b) or in the alternative for entry of partial final judgment. The clerk is directed to enter a partial final judgment, declaratory judgment and permanent injunction in this matter, as

detailed above. Further, the clerk is directed to refer this matter to the magistrate judge for continued pretrial management of the remaining claims.

This 26TH day of November 2019.

                                                             _____
                                                             Malcolm J. Howard
                                                             Senior United States District Judge

At Greenville, NC
#26