# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
### SOUTHERN DIVISION
### Case No. 7:16-cv-30-M-KS

BONNIE PELTIER, as Guardian )
of A.P., a minor child, et al.; )
)
                Plaintiffs, )  **JOINT MOTION FOR ENTRY OF FINAL**
)  **CONSENT JUDGMENT, FRCP 54, 58,**
)  **AND PLAINTIFFS' UNOPPOSED**
    v. )  **MOTION FOR RETENTION OF**
)  **ENFORCEMENT JURISDICTION, AND**
)  **DISMISSAL ORDER, FRCP 41(a)(2)**
CHARTER DAY SCHOOL, INC., et al., )
)
                Defendants. )

      Plaintiffs Bonnie Peltier, as Guardian of A.P., a minor child, Erika Booth, as Guardian of I.B.,

a minor child,[1] and Keely Burks ("Plaintiffs") and Defendants Charter Day School, Inc., The Roger

Bacon Academy, Inc., and Robert P. Spencer, Chad Adams, Suzanne West, Colleen Combs, Ted

Bodenschatz, and Melissa Gott, in their capacities as members of the Board of Trustees of Charter

Day School, Inc. ("Defendants," and, together with Plaintiffs, the "Parties"), have entered into a

Settlement Agreement and Release (the "Settlement Agreement"). Pursuant to Federal Rules of

Civil Procedure 41(a)(2), 54 and 58, the Parties jointly move this Court to enter a Final Consent

Judgment on Plaintiffs' First Cause of Action (DE No. 13 ¶¶ 147-56, which alleges that Defendants

violated the Equal Protection Clause of the United States Constitution) as set forth herein, move the

Court to enter an order dismissing all other claims with prejudice, and move that the Court retain

---

[1] As of the date of this submission, I.B. is no longer a minor child. Plaintiff Erika Booth is submitting a motion contemporaneously herewith to substitute I.B. as a party. I.B. is a signatory to the Settlement Agreement, which she individually signed after she reached the age of majority. Plaintiff Keely Burks was previously substituted when she reached the age of majority under North Carolina law. DE No. 242.

jurisdiction to enforce the Settlement Agreement in accordance with its terms.  Defendants do not oppose this motion.  In support, the Parties would respectfully show:

1. By Decision and Order dated March 28, 2019, this Court granted Plaintiffs' Motion for Summary Judgment on their Equal Protection Clause claim against Charter Day School, Inc. and its board members and granted Defendant The Roger Bacon Academy's Motion for Summary Judgment on Plaintiffs' Equal Protection claim.  DE No. 216 at 17, 33.  On November 26, 2019, the Court entered a Partial Final Judgment reflecting its summary-judgment order.  DE No. 245-1. The U.S. Court of Appeals for the Fourth Circuit affirmed these rulings.  *Peltier v. Charter Day Sch., Inc*., 37 F.4th 104, 112 (4th Cir. 2022) (en banc), *cert. denied*, 143 S. Ct. 2657 (2023).

2. The Parties entered into a Settlement Agreement that resolves all remaining claims and disputes at issue in this case.  The Settlement Agreement was fully executed as of February 23, 2024.

3. Pursuant to the Settlement Agreement, to resolve Plaintiffs' First Cause of Action, DE No. 13 ¶¶ 147-56, which alleges that Defendants violated the Equal Protection Clause of the United States Constitution, pursuant to 42 U.S.C. § 1983, the Parties have agreed to and hereby move this Court to enter a Final Consent Judgment that incorporates the following terms, which are in accordance with this Court's prior rulings in this case:

a.  that the court enter an order that, consistent with prior rulings, declares that the specific requirement of the uniform policy of the School promulgated by Charter Day School, Inc., as written and enforced, requiring girls to wear skirts, jumpers, or skorts and prohibiting them from wearing pants or shorts, violates plaintiffs' rights under the Fourteenth Amendment to the United States Constitution and that permanently enjoins Charter Day School, Inc. and its board members, and their

2

successors from establishing or enforcing a provision in the Uniform Policy of Charter Day School requiring that girls wear skirts, jumpers, or skorts and prohibiting them from wearing pants or shorts, in accordance with prior rulings. DE No. 216, *aff'd*, *Peltier v. Charter Day Sch., Inc.*, 37 F.4th 104, 112 (4th Cir. 2022) (en banc), *cert. denied*, 143 S. Ct. 2657 (2023); *see also* DE No. 244, 245-1 (partial final judgment issued in accordance with the summary judgment order (DE No. 216)).  A proposed order is attached as **Exhibit A**.

   b.  that this Court's order (proposed order attached as **Exhibit A**) become a final judgment of the Court against Charter Day School, Inc. and binding on its successor Classical Charter Schools of America, Inc.;

   c.  that the grant of summary judgment in favor of The Roger Bacon Academy, Inc. on Plaintiffs' Equal Protection claim, DE No. 245-1, become a final judgment of the Court;

   d.  that Defendants pay nominal damages, expenses, and attorneys' fees in the agreed-upon amount to Plaintiffs; and

   e.  that the Court retains jurisdiction to enforce the terms of the Settlement Agreement.

   4.  Pursuant to the Settlement Agreement, on the condition that the Court enter a Final Consent Judgment on Plaintiffs' First Cause of Action including the terms described in 3a-3e, pursuant to FRCP 41(a)(2), Plaintiffs move the Court to enter an order dismissing all other claims with prejudice, and move that the Court retain jurisdiction to enforce the Settlement Agreement in accordance with its terms.


*[Signatures on Following Pages]*

Respectfully submitted, this 22nd day of March, 2024.

AMERICAN CIVIL LIBERTIES UNION
FOUNDATION

/s/ *Ria Tabacco Mar*
Ria Tabacco Mar
(*LR 83.1(a) special appearance*)
NY Bar No. 4693693
Amy Lynn Katz
(*LR 83.1(a) special appearance*)
NY Bar No. 1540228
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
Telephone: 212-549-2500
Facsimile: 212-549-2580
rmar@aclu.org
wrp_ak@aclu.org

*Counsel for Plaintiffs*

ACLU OF NORTH CAROLINA LEGAL
FOUNDATION

/s/ *Kristi Graunke*
Kristi Graunke
NC Bar No. 51216
ACLU of North Carolina Legal Foundation
Post Office Box 28004
Raleigh, NC 27611
Telephone: 919-354-5066
kgraunke@acluofnc.org

*Counsel for Plaintiffs*

ELLIS & WINTERS LLP

/s/ *Jonathan D. Sasser*
Jonathan D. Sasser
NC Bar No. 10028
Post Office Box 33550
Raleigh, NC 27636
Telephone: 919-865-7000

4

Facsimile: 919-865-7010
jon.sasser@elliswinters.com

*Local Civil Rule 83.1 Counsel for Plaintiffs*

BAKER BOTTS L.L.P.

By: /s/ *Aaron M. Streett*
   Aaron M. Streett
   (*LR 83.1(a) special appearance*)
   TX Bar No. 24037561
   J. Mark Little
   (*LR 83.1(a) special appearance*)
   TX Bar No. 24078869
   910 Louisiana Street
   Houston, TX 77002
   Telephone: 713-229-1234
   Facsimile: 713-229-1522
   aaron.streett@bakerbotts.com
   mark.little@bakerbotts.com

*Counsel for Defendants*

SMITH, ANDERSON, BLOUNT, DORSETT,
MITCHELL & JERNIGAN, LLP

   /s/ *John E. Harris*
   John E. Harris
   NC Bar No. 49253
   Post Office Box 2611
   Raleigh, NC 27602-2611
   Telephone: 919-821-6721
   Facsimile: 919-821-6800
   jharris@smithlaw.com

*Local Civil Rule 83.1 Counsel for Defendants*

**CERTIFICATE OF SERVICE**

On March 22, 2024, I electronically filed the foregoing Consent Motion for Entry of Final Judgment with the Clerk of the Court using the Court's CM/ECF system, which will serve all counsel of record.

/s/ *Ria Tabacco Mar*
Ria Tabacco Mar

# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
### SOUTHERN DIVISION
### Case No. 7:16-cv-30-M-KS

BONNIE PELTIER, as Guardian )
of A.P., a minor child, et al.; )
      )
             Plaintiffs, )           [PROPOSED]
      )    **FINAL CONSENT JUDGMENT**
      )        **IN A CIVIL CASE**
      v. )
      )
CHARTER DAY SCHOOL, INC., et al., )
      )
             Defendants. )

This matter comes before the Court on the Parties' Joint Motion for Entry of Final Consent Judgment and on Plaintiffs' Unopposed Motion for Retention of Enforcement Jurisdiction, and Dismissal Order. Based upon the information provided therein, it is hereby **ORDERED, ADJUDGED AND DECREED** that the clerk is directed to enter amended final judgment in accordance with the summary judgment order entered on March 28, 2019, which, *inter alia*, granted plaintiffs' motion for summary judgment on their Equal Protection Clause claim against Charter Day School, Inc. and its board members and granted defendants' motion for summary judgment on plaintiffs' Equal Protection Clause claim against The Roger Bacon Academy. DE No. 216, *aff'd*, *Peltier v. Charter Day Sch., Inc.*, 37 F.4th 104, 112 (4th Cir. 2022) (en banc), *cert. denied*, 143 S. Ct. 2657 (2023); *see also* DE No. 244, 245-1 (partial final judgment issued in accordance with the summary judgment order (DE No. 216)).

The Court hereby declares that the specific requirement of the uniform policy of the School promulgated by Charter Day School, Inc., as written and enforced, requiring girls to wear skirts, jumpers, or skorts and prohibiting them from wearing pants or shorts, violates plaintiffs' rights under the Fourteenth Amendment to the United States Constitution. The court therefore

1

permanently enjoins Charter Day School, Inc. and its board members, and their successors from establishing or enforcing a provision in the Uniform Policy of Charter Day School requiring that girls wear skirts, jumpers, or skorts and prohibiting them from wearing pants or shorts.

The parties have also agreed that Defendants pay nominal damages, expenses, and attorneys' fees in the agreed-upon amount to Plaintiffs.

The Court retains jurisdiction to enforce all terms of the settlement agreement of the parties in this case.

For good cause shown, and in consideration of the Plaintiffs' Motion the Court hereby dismisses all other claims with prejudice under Federal Rule of Civil Procedure 41(a)(2).

SO ORDERED this _____ day of _____, 2024.

_____
RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE