IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

Case No. 7:16-CV-00030-M

BONNIE PELTIER, *as Guardian of A.P., a minor child*; )
ISABELLA BOOTH; and )
KEELY BURKS, )
          Plaintiffs, )
          )     ORDER
v. )

CHARTER DAY SCHOOL, INC.; )
ROBERT P. SPENCER, *in his capacity as member of the Board of Trustees of Charter Day School, Inc.*; )
CHAD ADAMS, *in his capacity as member of the Board of Trustees of Charter Day School, Inc.*; )
SUZANNE WEST, *in her capacity as member of the Board of Trustees of Charter Day School, Inc.*; )
COLLEEN COMBS, *in her capacity as member of the Board of Trustees of Charter Day School, Inc.*; )
TED BODENSCHATZ, *in his capacity as member of the Board of Trustees of Charter Day School, Inc.*; )
MELISSA GOTT, *in her capacity as member of the Board of Trustees of Charter Day School, Inc.*; and )
THE ROGER BACON ACADEMY, INC., )
          Defendants. )

This matter comes before the court on the Parties' Joint Motion for Entry of Final Consent Judgment and on Plaintiffs' Unopposed Motion for Retention of Enforcement Jurisdiction, and [proposed] Dismissal Order [DE 294]. The joint motion is GRANTED and Plaintiffs' motion is

GRANTED IN PART AND DENIED IN PART as follows.

Based on the information provided, it is hereby ORDERED, ADJUDGED AND DECREED that the Clerk of the Court enter an Amended Judgment in accordance with the summary judgment order entered on March 28, 2019, which, *inter alia*, granted Plaintiffs' motion for summary judgment on their Equal Protection Clause claim against Charter Day School, Inc. and its board members and granted Defendants' motion for summary judgment on Plaintiffs' Equal Protection Clause claim against The Roger Bacon Academy. DE 216, *aff'd*, *Peltier v. Charter Day Sch., Inc.*, 37 F.4th 104, 112 (4th Cir. 2022) (en banc), *cert. denied*, 143 S. Ct. 2657 (2023); *see also* DE 244, 245-1 (partial final judgment issued in accordance with the summary judgment order (DE 216)).

The court declares that the specific requirement of the uniform policy of the school, promulgated by Charter Day School, Inc., as written and enforced, requiring girls to wear skirts, jumpers, or skorts and prohibiting them from wearing pants or shorts, violates Plaintiffs' rights under the Fourteenth Amendment to the United States Constitution. Therefore, the court permanently enjoins Charter Day School, Inc. and its board members, and their successors from establishing or enforcing a provision in the Uniform Policy of Charter Day School requiring that girls wear skirts, jumpers, or skorts and prohibiting them from wearing pants or shorts.

The parties have also agreed that Defendants pay nominal damages, expenses, and attorneys' fees in the agreed-upon amount to Plaintiffs.

The court retains jurisdiction to enforce the terms of the parties' settlement agreement that are listed in the motion (i.e., paragraphs 3a-3e).[1]

Finally, for good cause shown and in consideration of the Plaintiffs' motion, the court dismisses all other claims with prejudice under Federal Rule of Civil Procedure 41(a)(2). The Clerk of the Court

---

[1] A copy of the settlement agreement was not provided for the court's review.

2

Case 7:16-cv-00030-M-KS    Document 297    Filed 03/26/24    Page 2 of 3

is directed to close this case.

SO ORDERED this 26th day of March, 2024.

_Richard E Myers II_
RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE